## LELA HOOD v. CHARLES F. DUNN.

(Filed 3 October, 1928.)

**Taxation—Tax Deeds—Action to Set Aside—Rents and Profits.**

> Where the plaintiff sustains his action to set aside defendant's tax deed under which defendant has been in possession of the lands, he must prove by his evidence the amount of rents the defendant has collected therefrom before he can recover them.

APPEAL by defendant from *Cranmer, J.,* at February Term, 1928, of LENOIR. New trial.

Action to remove cloud upon plaintiff's title to land, and for other relief.

From judgment on the verdict defendant appealed to the Supreme Court.

*Sutton & Greene and Ely J. Perry for plaintiff.*
*Charles F. Dunn in propria sua.*

CONNOR, J. There was no error on the trial of this action in the Superior Court, with respect to the first and second issues submitted to the jury. The judgment that the tax deed from W. B. Coleman, city clerk and tax collector of the city of Kinston, N. C., to defendant, Charles F. Dunn, dated 10 June, 1927, and recorded in the office of the register of deeds of Lenoir County, be canceled on the record and marked null and void, by the clerk of the Superior Court of Lenoir County, is affirmed.

However, there was error with respect to the third issue. No evidence appears in the case on appeal from which the jury could find that plaintiff is entitled to recover of defendant the sum of $111.00, for rents collected by him for the land described in the complaint. Defendant's assignment of error based upon his exception to the instruction of the court to the jury upon the third issue must be sustained. On this issue plaintiff is entitled to recover of defendant only the amount collected by defendant as rent for said land. With respect to the third issue, there must be a

New trial.